1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DUSTIN CURTIS, URSULA N. RILEY, HOWARD CHEN, and JAROD THRUSH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CAPITAL ONE FINANCIAL CORPORATION<br><br>and<br><br>AMAZON WEB SERVICES, INC.,<br><br>        Defendants. | No. 19-cv-01366<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT
Case No. 19-cv-01366
010841-11/1181064 V1



# TABLE OF CONTENTS

**Page**

I.    FACTS ..................................................................................................................1

    A.    On July 29, 2019, Capital One admitted that its cloud-based computer systems operated by Amazon Web Services had been breached and data exfiltration had been ongoing since March 2019. .....................2

    B.    Capital One and AWS understand the importance of protecting consumers' personal information. ...........................................................4

    C.    Plaintiffs and other Nationwide Class members have suffered harm as a result of the data breach. ...................................................5

II.   JURISDICTION AND VENUE ..........................................................................7

III.  PARTIES ..............................................................................................................8

    A.    Plaintiffs ..................................................................................................8

        1.    Dustin Curtis ...............................................................................8

        2.    Ursula Riley .................................................................................8

        3.    Howard Chen ...............................................................................9

        4.    Jarod Thrush ..............................................................................10

    B.    The Defendants ......................................................................................10

IV.   CLASS ALLEGATIONS ...................................................................................11

V.    CAUSES OF ACTION ......................................................................................14

COUNT I NEGLIGENCE (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND  ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY,  ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF  THE STATE SUBCLASSES) ..................................14

COUNT II NEGLIGENCE *PER SE* (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES) ..................................16

COUNT III WASHINGTON CONSUMER PROTECTION ACT WASH. REV. CODE § 19.86.020, *ET. SEQ.*  (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES) ..................................18

COUNT IV WASHINGTON DATA BREACH DISCLOSURE LAW WASH. REV. CODE § 19.255.010, *ET. SEQ.*  (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE



NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES) ..................................................................................20

COUNT V UNJUST ENRICHMENT (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES) ....................................21

STATE CONSUMER PROTECTION LAWS  (BROUGHT BY THE STATE-RESIDENT PLAINTIFFS  AND THE STATE SUBCLASSES BELOW)....................22

  A.  Common Allegations ..................................................................22

  B.  Arizona............................................................................................25

COUNT VI VIOLATION OF ARIZONA CONSUMER FRAUD ACT ARIZ. REV. STAT. § 44-1521, *ET SEQ.*  (BROUGHT BY THE ARIZONA-RESIDENT  PLAINTIFF AND THE ARIZONA SUBCLASS) ....................................25

  C.  California .........................................................................................27

COUNT VII VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW,  CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*  (BROUGHT BY THE CALIFORNIA-RESIDENT  PLAINTIFFS AND THE CALIFORNIA SUBCLASS)....................................................................27

  D.  Washington ......................................................................................29

COUNT VIII WASHINGTON CONSUMER PROTECTION ACT WASH. REV. CODE § 19.86.020, *ET. SEQ.*  (BROUGHT BY WASHINGTON PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THE WASHINGTON SUBCLASS) ................................................................29

  E.  Ohio.................................................................................................31

COUNT IX VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT OHIO REV. CODE ANN. § 1345, *ET SEQ.* (BROUGHT BY THE OHIO-RESIDENT PLAINTIFF AND THE OHIO SUBCLASS) ............................................31

DATA BREACH STATUTES  (BROUGHT BY THE STATE-RESIDENT PLAINTIFFS AND THE STATE SUBCLASSES BELOW)...........................................32

  F.  California .........................................................................................32

COUNT X VIOLATION OF CALIFORNIA DATA BREACH ACT CAL. CIV. CODE § 1798.80, *ET SEQ.* (BROUGHT BY THE CALIFORNIA-RESIDENT  PLAINTIFF AND THE CALIFORNIA SUBCLASS)................................32

  G.  Washington ......................................................................................36

COUNT XI WASHINGTON DATA BREACH DISCLOSURE LAW WASH. REV. CODE § 19.255.010, *ET. SEQ.*  (BROUGHT BY PLAINTIFF CURTIS ON HIS OWN BEHALF AND ON BEHALF OF THE WASHINGTON SUBCLASSE) ................................................36



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

PRAYER FOR RELIEF ........................................................................................37

JURY TRIAL DEMANDED ...............................................................................37

CLASS ACTION COMPLAINT - iii
Case No. 19-cv-01366
010841-11/1181064 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

For their complaint against Defendants Capital One Financial Corporation ("Capital One") and Amazon Web Services, Inc. ("AWS"), Plaintiffs Dustin Curtis, Ursula N. Riley, Howard Chen, and Jarod Thrush allege on their own behalf and on behalf of all others similarly situated, including the Class and State Subclasses described herein, as follows:

1.      A financial institution that purposefully collects and retains highly sensitive personal information must protect the highly sensitive personal and financial information that it collects from customers.  When personal information is collected by a financial institution as a requirement to providing its services, the company and the cloud services company it utilizes must be at the forefront of data security to ensure that thieves and hackers could *never* get access to the data the company has collected.  A financial institution and the company it contracts with to store information "in the cloud" cannot let security depend on the integrity of individual contractors, consultants, or employees. A financial institution and its web services provider cannot fail to update to the latest security or patch critical software effectively and promptly, and they cannot fail to invest in data security at sufficient levels to prevent unauthorized access to customer data.  A financial services company and its web services provider must have systems and resources in place to detect when its systems have been breached, instead of having to rely on tips from anonymous "white hat" hackers to know when customer information is up for grabs. And when a data breach involving up to 106 million records of innocent customers occurs, a financial institution and its web services provider must *immediately and accurately* notify all those affected to prevent consumers from becoming victims of identity theft. And they must take immediate steps to mitigate the damages it has caused.  This lawsuit stems from Defendants' failure to follow these simple rules.

## I.      FACTS

2.      Capital One is a worldwide financial services company.  Founded in 1994, in 25 years it has become one of the largest financial institutions in the United States.  With just under $250 billion in deposits and over $372 billion in assets as of December 31, 2018, Capital One is

CLASS ACTION COMPLAINT - 1
Case No. 19-cv-01366
010841-11/1181064 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

in the top ten of U.S. banks for deposits and is the third largest issuer of credit cards. Capital One's revenues exceeded $28 billion in 2018.[1]

**A.   On July 29, 2019, Capital One admitted that its cloud-based computer systems operated by Amazon Web Services had been breached and data exfiltration had been ongoing since March 2019.**

3.   On July 29, 2019, Capital One first disclosed that its computer systems had been hacked.  On its website and in press releases, the company stated: "there was unauthorized access by an outside individual who obtained certain types of personal information relating to people who had applied for its credit card products and to Capital One credit card customers."[2]

4.   According to Capital One, the Data Breach compromised "information on consumers and small businesses as of the time they applied for one of our credit card products from 2005 through early 2019," and included "names, addresses, zip codes/postal codes, phone numbers, email addresses, dates of birth, . . . self-reported income[,] . . . credit scores, credit limits, balances, payment history, contact information" and "transaction data."[3]

5.   The reach included credit card application information for some 106 million consumers and Capital One revealed that the Data Breach compromised the social security numbers of approximately 140,000 of the bank's credit card customers, and the bank account numbers of approximately 80,000 of the bank's secured credit card customers.[4]

6.   Capital One was hacked by Paige A. Thompson, who also called herself "Erratic." Thompson had previously worked as a "systems engineer" for Defendant AWS. On July 29, 2019, Thompson was arrested by the FBI and charged by federal prosecutors in the United States District Court for the Western District of Washington. The charges included computer fraud and abuse in violation of 18 U.S.C. § 1030(a)(2).

---

[1] Capital One, 2018 Annual Report at 2 (Feb. 20, 2019), available at http://phx.corporate-ir.net/External.File?item=UGFyZW50SUQ9NzA1MTY4fENoaWxkSUQ9NDE3NTE3fFR5cG U9MQ==&t=1.

[2] *See* Capital One, *Information on the Capital One Cyber Incident* (as of July 30, 2019), https://www.capitalone.com/facts2019/.

[3] *Id.*

[4] *Id.*

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

7.      In its charging documents, the government alleged Thompson was able to gain access to customers' personal information (PII) that had been collected by Capital One and stored on Capital One's cloud computing platform housed on Defendant Amazon Web Services system. Thompson exploited a "configuration vulnerability" to gain access to the systems.[5] According to Capital One, this "unauthorized access also enabled the decrypting of data."[6]

8.      In her attack, Thompson exploited a vulnerability known as Server-Side Request Forgery (SSRF).[7] Through an SSRF a hacker dupes a computer system into disclosing sensitive server-side information that would otherwise be inaccessible outside the firewall. In this case, reports suggest that Thompson was able to use SSRF to execute a request on an AWS EC2 instance controlled by Capital One that revealed Capital One's S3 credentials.[8]

9.      This attack was possible due to a known vulnerability in AWS that allows SSRF attackers to trick AWS EC2 instances into disclosing users' credentials. The command that exposes AWS credentials on any EC2 system is included in AWS online documentation and is well known among hackers.[9] Defendant AWS could have implemented changes to its platform to protect its clients and its clients' customers from hacking attacks like that perpetrated by Thompson.

10.     Thompson initially gained access to Capital One's systems on March 22, 2019, and the breach continued through at least April 21, 2019.[10]

11.     Thompson was not secretive about her exploits. In a June 16, 2019 tweet, Thompson described her method for gaining access to files stored on AWS S3 systems.

---

[5] Capital One, *Frequently Asked Questions* (as of July 30, 2019), https://www.capitalone.com/facts2019/2/.

[6] *Id.*

[7] *See* Jared Perry, *Early Lessons from the Capital One Data Breach*, STRATUM SECURITY (July 31, 2019), https://blog.stratumsecurity.com/2019/07/31/early-lessons-from-the-capital-one-breach/.

[8] *Id.*

[9] *Id.*

[10] *Id.*

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Importantly, this attack vector would not be limited to use on Capital One information. It could be used against any company that used AWS to house its customer information.

12.     On August 13, 2019, the Government filed a motion seeking to have Thompson detained pending trial.[11] In that motion the Government revealed that its investigation has so far identified as many as 30 companies and educational institutions that Thompson may have hacked and whose customer data was discovered in Thompson's residence.[12]

13.     Thompson executed her hacking attacks on multiple companies that used AWS, through a vector that was known to AWS.  AWS and Capital One plainly should have done more to protect Capital One customer data.

**B.     Capital One and AWS understand the importance of protecting consumers' personal information.**

14.     Capital One states it is "committed to protecting your personal and financial information. If we collect identifying information from you, we will protect that information with controls based upon internationally recognized security standards, regulations, and industry-based best practices."[13]

15.     Likewise, AWS also assures customers that it takes data protection seriously:

> At AWS, security is our highest priority. We design our systems with your security and privacy in mind.
>
> - We maintain a wide variety of compliance programs that validate our security controls….
>
> - We protect the security of your information during transmission to or from AWS websites, applications, products, or services by using encryption protocols and software.
>
> - We follow the Payment Card Industry Data Security Standard (PCI DSS) when handling credit card data.
>
> - We maintain physical, electronic, and procedural safeguards in connection with the collection, storage, and disclosure of personal information. Our security procedures mean that we

---

[11] *See* United States' Memo. in Supp. Mot. for Detention, *United States v. Thompson*, No. CR 2:19-mj-00344-MAT (W.D. Wash. Aug. 13, 2019), ECF No. 13.

[12] *See id.* at 2.

[13] Capital One Online & Mobile Privacy Statement, https://www.capitalone.com/identity-protection/privacy/statement (last visited Aug. 26, 2019).

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

may request proof of identity before we disclose personal information to you.[14]

16.     Notwithstanding these promises, a lone hacker utilized a known exploit to compromise hundreds of millions of Capital One customer credit card applications and other account information from AWS servers. There is, therefore, little question that Capital One and AWS did not to live up to their promises regarding data protection.

17.     Consumers have many choices for credit cards and they would not have chosen to provide their PII to Capital One had they known that the information would be at heightened risk of compromise due to Capital One's and AWS' lax data security.

**C.    Plaintiffs and other Nationwide Class members have suffered harm as a result of the data breach.**

18.     As a result of Defendants' unfair, inadequate, and unreasonable data security, at least one cyber-criminal and unknown others now possess the personal and financial information of Plaintiffs and the Class.  With account numbers, names, addresses, birthdates, and credit information, criminals can open entirely new credit accounts and bank accounts, and garner millions through fraud that victims will not be able to detect until it is too late.  Victims' credit profiles can be destroyed and they will lose the ability to legitimately borrow money, obtain credit, or even open bank accounts.

19.     Further, criminals can file false federal and state tax returns in victim's names, preventing or at least delaying victims' receipt of their legitimate tax refunds and potentially making victims targets of IRS and state tax investigations.  At the very least, victims must add themselves to credit fraud watch lists, which substantially impair victims' ability to obtain additional credit.  Many experts advise a flat out freeze on all credit accounts, making it impossible to rent a car, get student loans, or buy or rent furniture or a new TV, let alone complete a major purchase such as a new car or home, without taking the time to request that the freeze be suspended, waiting the days it can take for that to occur, and then reinstating the freeze. Further, there are four major reporting agencies, so consumers may need to take these steps with

---

[14] AWS, *Privacy Notice* (last updated Dec. 10, 2018), https://aws.amazon.com/privacy/.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

all of them because they will not know which bureau a creditor may consult. Also, in many

states, and in many circumstances, such freezes cost the consumer money. Defendants are

offering no relief for the monetary cost to go through this process at the four major credit

reporting agencies, let alone for the value of time that will be spent doing all of this.

20. Personal and financial information is a valuable commodity. A "cyber black-market" exists in which criminals openly post stolen credit card numbers, passport numbers, and other personal information on a number of Internet websites. A credit card number trades for under $10 on the black market. Magnetic track data increases the price, and a card with full personal information such as an address, phone number, and email address ("fullz") are traded at around $25 per record.[15]

21. But this breach is far more valuable. The data breach consists of over 106 million records that include at least name, address, birthdate, employment information, and account numbers. Complete identity records like those at issue here can sell for up to $200 on the black market, making this a breach potentially worth in excess of $20 billion to cybercriminals.[16]

22. The personal and financial information that Defendants failed to adequately protect, including Plaintiff's identifying information, are "as good as gold" to identity thieves because identity thieves can use victims' personal data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, and file false federal and state tax returns.

23. Although Capital One is offering free credit monitoring to some customers, the credit monitoring services do little to prevent wholesale identity theft. Moreover, experts warn that batches of stolen information will not be immediately dumped on the black market. "[O]ne year of credit monitoring may not be enough. Hackers tend to lay low when data breaches are

---

[15] Max Cherney, *It's Surprisingly Cheap to Buy Stolen Bank Details*, MOTHERBOARD (Dec. 23, 2013), https://motherboard.vice.com/en_us/article/nzewpx/its-surprisingly-cheap-to-buy-stolen-bank-details.

[16] *See* SecureWorks, *Underground Hacker Markets Annual Report* (Apr. 2016), https://www.secureworks.com/resources/rp-2016-underground-hacker-marketplace-report.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    exposed. . . . They often wait until consumers are less likely to be on the lookout for fraudulent

2    activities."[17]  In light of the seriousness of this breach and the nature of the data involved, one

3    year of credit monitoring is decidedly not enough.

4        24.    A cybercriminal, especially one with millions of records, can hold on to stolen

5    information for years until the news of the theft has subsided, then steal a victim's identity,

6    credit, and bank accounts, resulting in thousands of dollars in losses and lost time and

7    productivity.  Thus, Plaintiffs and the Class must take additional steps to protect their identities.

8    And Plaintiffs and the Class must bear the burden and expense of identity and credit monitoring,

9    and heightened vigilance for years to come.

10        **II.    JURISDICTION AND VENUE**

11        25.    This Court has subject matter jurisdiction over this action under 28 U.S.C.

12    § 1332(d)(2) because (a) at least one member of the putative Classes is a citizen of a state

13    different from Defendants, and (b) the amount in controversy exceeds $5,000,000, exclusive of

14    interest and costs.

15        26.    This Court has personal jurisdiction over Defendant Capital One because Capital

16    One regularly conducts business in the Western District of Washington, and the unlawful conduct

17    occurred in, was directed to, and emanated from the Western District of Washington.

18        27.    This Court has personal jurisdiction over Defendant AWS because it is

19    headquartered in the Western District of Washington, and the conduct alleged occurred in,

20    was directed to, and/or emanated, in part, from the Western District of Washington.

21        28.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the

22    events or omissions giving rise to the unlawful conduct alleged herein occurred in, was

23    directed to, and/or emanated from the Western District of Washington.

24

25

26

27    [17] AnnaMaria Andriotis, *Into The Breach: Identity-Theft Protection*, THE WALL STREET
JOURNAL (Jan. 24, 2014), https://www.wsj.com/articles/into-the-breach-identitytheft-protection-
28    1390607608.

CLASS ACTION COMPLAINT - 7
Case No. 19-cv-01366
010841-11/1181064 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# III.     PARTIES

## A.     Plaintiffs

### 1.     Dustin Curtis

29.     Plaintiff Dustin Curtis is a Washington resident and was a Washington resident during the period when the data breach occurred.  Plaintiff is a Capital One account holder and applied for credit during the period of the data breach.  Capital One's disclosures concerning the data breach indicate that Plaintiff's data was stolen.

30.     Plaintiff was harmed in having his personal and financial information compromised as a result of the data breach, including his credit card information.

31.     Plaintiff would have taken steps to protect his personal and financial information or would have sought credit card services elsewhere had Defendants informed him that they lacked adequate computer network and data security to secure Plaintiff's and others' personal and financial information.

32.     Plaintiff suffered actual injury from having his financial and personal information compromised and stolen as a result of the data breach and was further injured by Defendants' failure to provide timely and accurate notice that his data had been breached.

33.     Plaintiff suffered actual injury and damages as a result of the data breach that he would not have otherwise suffered: (1) had Defendants disclosed that they lacked the computer network and data security to adequately protect Plaintiff's personal and financial information, or (2) had Defendants provided timely and accurate notice that Plaintiff's data had been breached.

### 2.     Ursula Riley

34.     Plaintiff Ursula Riley is a California resident and was a California resident during the period when the data breach occurred.  Plaintiff is a Capital One account holder and applied for credit during the period of the data breach.  Capital One's disclosures concerning the data breach indicate that Plaintiff's data was stolen.

35.     Plaintiff was harmed in having her personal and financial information compromised as a result of the data breach, including her credit card information.

HAGENS BERMAN

36.     Plaintiff would have taken steps to protect her personal and financial information or would have sought credit card services elsewhere had Defendants informed her that they lacked adequate computer network and data security to secure Plaintiff's and others' personal and financial information.

37.     Plaintiff suffered actual injury from having her financial and personal information compromised and stolen as a result of the data breach and was further injured by Defendants' failure to provide timely and accurate notice that her data had been breached.

38.     Plaintiff suffered actual injury and damages as a result of the data breach that she would not have otherwise suffered: (1) had Defendants disclosed that they lacked the computer network and data security to adequately protect Plaintiff's personal and financial information, or (2) had Defendants provided timely and accurate notice that Plaintiff's data had been breached.

**3.      Howard Chen**

39.     Plaintiff Howard Chen is an Arizona resident and was an Arizona resident during the period when the data breach occurred.  Plaintiff is a Capital One account holder and applied for credit during the period of the data breach.  Capital One's disclosures concerning the data breach indicate that Plaintiff's data was stolen.

40.     Plaintiff was harmed in having his personal and financial information compromised as a result of the data breach, including his credit card information.

41.     Plaintiff would have taken steps to protect his personal and financial information or would have sought credit card services elsewhere had Defendants informed him that they lacked adequate computer network and data security to secure Plaintiff's and others' personal and financial information.

42.     Plaintiff suffered actual injury from having his financial and personal information compromised and stolen as a result of the data breach and was further injured by Defendants' failure to provide timely and accurate notice that his data had been breached.

43.     Plaintiff suffered actual injury and damages as a result of the data breach that he would not have otherwise suffered: (1) had Defendants disclosed that they lacked the computer

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

network and data security to adequately protect Plaintiff's personal and financial information, or (2) had Defendants provided timely and accurate notice that Plaintiff's data had been breached.

### 4.    Jarod Thrush

44.    Plaintiff Thrush is an Ohio resident and was an Ohio resident during the period when the data breach occurred.  Plaintiff is a Capital One account holder and applied for credit during the period of the data breach.  Capital One's disclosures concerning the data breach indicate that Plaintiff's data was stolen.

45.    Plaintiff was harmed in having his personal and financial information compromised as a result of the data breach, including his credit card information.

46.    Plaintiff would have taken steps to protect his personal and financial information or would have sought credit card services elsewhere had Defendants informed him that they lacked adequate computer network and data security to secure Plaintiff's and others' personal and financial information.

47.    Plaintiff suffered actual injury from having his financial and personal information compromised and stolen as a result of the data breach and was further injured by Defendants' failure to provide timely and accurate notice that his data had been breached.

48.    Plaintiff suffered actual injury and damages as a result of the data breach that he would not have otherwise suffered: (1) had Defendants disclosed that they lacked the computer network and data security to adequately protect Plaintiff's personal and financial information, or (2) had Defendants provided timely and accurate notice that Plaintiff's data had been breached.

### B.    The Defendants

49.    Defendant Capital One is a Delaware corporation with its principal place of business in McLean, Virginia.

50.    Defendant Amazon Web Services is a Delaware Corporation with its principal place of business in Seattle, Washington.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## IV.    CLASS ALLEGATIONS

51.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action as a national class action on behalf of herself and all members of the following class of similarly situated individuals and entities:

**The Nationwide Class**[18]

> All persons in the United States whose personal and financial information was compromised as a result of the data breach first disclosed by Defendants on or about July 29, 2019.

52.    Excluded from the Nationwide Class are Defendants, including any entity in which Defendants have a controlling interest, which is a parent or subsidiary, or which is controlled by the Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants.

53.    Plaintiff also seeks to certify the following Subclasses of the Nationwide Class (the "State Subclasses"):

**The California Subclass**

> All members of the Nationwide Class who are residents of California.

**The Arizona Subclass**

> All members of the Nationwide Class who are residents of Arizona.

**The Ohio Subclass**

> All members of the Nationwide Class who are residents of Ohio.

**The Washington Subclass**

> All members of the Nationwide Class who are residents of Washington.

54.    Certification of each Plaintiff's claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same

---

[18] Throughout this Complaint, Plaintiffs use the terms "Nationwide Class" and "Class" interchangeably to refer to the nationwide class defined in this paragraph.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

evidence as would be used to prove those elements in individual actions alleging the same claims.

55.    All members of the proposed Nationwide Class and State Subclasses are readily ascertainable.  Defendants have access to addresses and other contact information for all members of the Class, which can be used for providing notice to Nationwide Class and State Subclass members.

56.    ***Numerosity***.  The Nationwide Class is so numerous that joinder of all members is unfeasible and not practical.  While the precise number of Nationwide Class members has not been determined at this time, Defendants have admitted that some 106 million records were breached.  Given this enormous number, the State Subclasses will also be sufficiently numerous to merit class certification

57.    ***Commonality***.  Questions of law and fact common to all Nationwide Class and State Subclass members exist and predominate over any questions affecting only individual Nationwide Class members, including, *inter alia*:

   a.    whether Defendants engaged in the wrongful conduct alleged herein;

   b.    whether Defendants' conduct was deceptive, unfair, and/or unlawful;

   c.    whether Defendants owed a duty to Plaintiffs and members of the Nationwide Class to adequately protect their personal and financial information;

   d.    whether Defendants owed a duty to provide timely and accurate notice of the data breach to Plaintiffs and members of the Class;

   e.    whether Defendants used reasonable and industry-standard measures to protect Nationwide Class members' personal and financial information;

   f.    whether Defendants knew or should have known that its data system was vulnerable to attack;

   g.    whether Defendants' conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of 106 million Nationwide Class members' personal and financial data;

   h.    whether Defendants should have notified the public immediately after it learned of the data breach;

   i.    whether Defendants violated state statutory consumer protection, consumer fraud, data-breach-notification, and other applicable laws;

   j.    whether Defendants violated state common law as to negligence;

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

k.    whether Plaintiffs and Nationwide Class members are entitled to recover actual damages, statutory damages, and/or punitive damages; and

l.    whether Plaintiffs and Nationwide Class members are entitled to restitution, disgorgement, and/or other equitable relief.

58.    *Typicality*.  Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all Nationwide Class members were injured through the uniform misconduct described above and assert the same claims for relief.

59.    *Adequacy*.  Plaintiffs and their counsel will fairly and adequately represent the interests of the Nationwide Class members.  Plaintiffs have no interests antagonistic to, or in conflict with, the interests of the Nationwide Class members.  Plaintiffs' lawyers are highly experienced in the prosecution of consumer class actions and complex commercial litigation.

60.    *Superiority*.  A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiffs and the Nationwide Class members. Plaintiffs and the Nationwide Class members have been harmed by Defendants' wrongful actions and/or inaction.  Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Defendants' wrongful actions and/or inaction.

61.    Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(b)(3), because the above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62.    Class certification also is appropriate under Fed. R. Civ. P. 23(b)(2), because Defendants have acted or refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Nationwide Class as a whole.

63.    The expense and burden of litigation would substantially impair the ability of Plaintiffs and Nationwide Class members to pursue individual lawsuits to vindicate their rights. Absent a class action, Defendants will retain the benefits of its wrongdoing despite its serious violations of the law.

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

2

## V.    CAUSES OF ACTION

## COUNT I

3

4

5

### NEGLIGENCE
### (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND
### ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY,
### ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF
### THE STATE SUBCLASSES)

6

7

64.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

8

9

10

11

65.    Plaintiffs bring this count on their own behalf and on behalf of the Nationwide Class under the laws of the state of Washington or, alternatively, on their own behalf and on behalf of the State Subclasses under the negligence laws of all 50 states and the District of Columbia.

12

13

14

15

16

17

18

66.    By accepting and storing Plaintiffs' and the Nationwide Class and State Subclass members' non-public personal and financial information, including highly sensitive information such as names, dates of birth, email addresses, telephone numbers, credit card numbers, and account numbers, Defendants assumed a duty, including a special or fiduciary duty, to all Plaintiffs and the Nationwide Class and State Subclass members requiring them to use reasonable and, at the very least, industry-standard care to secure such information against theft and misuse.

19

20

21

67.    Defendants breached their duty of care by failing to adequately secure and protect Plaintiffs' and the Nationwide Class and State Subclass members' personal and financial information from theft, access, collection, and misuse by third parties.

22

23

24

25

26

68.    Further, Defendants breached their duty of care by failing to act to protect Plaintiffs' and the Nationwide Class and State Subclass members' personal and financial information, including, upon information and belief, by neglecting to promptly, completely, and effectively patch and repair its systems when initially advised of one or more critical flaws or vulnerabilities in the system and/or software, such that the referenced data breach has occurred.

27

28

CLASS ACTION COMPLAINT - 14
Case No. 19-cv-01366
010841-11/1181064 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

69.     Defendants further breached their duty of care by failing to promptly, timely, clearly, accurately, and completely inform Plaintiffs and the Class that their personal and financial information had been stolen.

70.     Plaintiffs and members of the Nationwide Class and State Subclasses have suffered injury in fact, including monetary damages, and will continue to be injured and incur damages as a result of Defendants' negligence and misconduct.

71.     As a direct and proximate result of Defendants' failure to take reasonable care and use adequate and at least industry-standard measures to protect the personal information placed in its care, Plaintiffs and members of the Nationwide Class and State Subclasses had their personal and financial information stolen, causing direct and measurable monetary losses, threat of future losses, identity theft, and threat of identity theft.

72.     As a direct and proximate result of Defendants' negligence and misconduct, Plaintiffs and members of the Nationwide Class and State Subclasses were injured in fact by: identity theft; the loss of the monetary value, including the market value, of their personal and financial information, or PII, due to the data breach, which has led to, or will lead to, its sale on the black market or its presence on dark web sites; damage to credit scores and credit reports; and time and expense related to: (a) finding fraudulent accounts; (b) monitoring their identity; (c) credit monitoring and identity theft prevention; (d) freezing access to their credit reports at major credit bureaus; (e) income tax refund fraud and the potential for income tax refund fraud; (f) the general nuisance and annoyance of dealing with all these issues resulting from the data breach; and (g) costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of the data breach, all of which have an ascertainable monetary value to be proven at trial.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**COUNT II**

**NEGLIGENCE *PER SE***
**(BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES)**

73.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

74.    Plaintiffs bring this count on their own behalf and on behalf of the Nationwide Class under the laws of the state of Washington, or, alternatively, on their own behalf and on behalf of the State Subclasses under the negligence laws of all 50 states and the District of Columbia.

75.    Pursuant to Section 5 of the Federal Trade Commission Act ("FTC Act"), and pursuant to the various state laws referred to and referenced below for such states ("State Laws"), Defendants had a duty to keep and protect the personal information of all Plaintiffs and Class members.

76.    Defendants violated the FTC Act and the State Laws by failing to keep and protect Plaintiffs' and Class members' extremely sensitive and valuable personal and financial information, failing to monitor, and/or failing to ensure that it complied with data security standards, industry standards, statutes, and/or other regulations to protect such personal and financial information.  All such omissions were patently unreasonable given the high stakes if malicious actors were to access such information, which they now have done.

77.    Defendants' failure to comply with the FTC Act, State Laws, and/or other industry standards and regulations, constitutes negligence *per se*.

78.    Defendants violated the FTC Act and the State Laws by failing to safe-keep and protect Plaintiffs' and Class members' personal and financial information, failing to monitor, and/or failing to ensure that Defendants complied with applicable and current data security standards, statutes, and/or other regulations to protect such personal and financial information.

79.    Further, Defendants violated the FTC Act and the State Laws by failing to act to protect Class members' personal and financial information, including, upon information and

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

belief, by neglecting to promptly patch and repair its systems when advised of one or more critical flaws or vulnerabilities in the system and/or software, such that the referenced data breach has occurred.

80.     Defendants' failure to comply with the FTC Act, the State Laws, and/or other industry standards and regulations constitutes negligence *per se*.

81.     Plaintiffs and members of the Nationwide Class and State Subclasses have suffered injury in fact, including monetary damages, and will continue to be injured and incur damages as a result of Defendants' negligence *per se*.

82.     As a direct and proximate result of Defendants' negligence *per se*, Plaintiffs and members of the Nationwide Class and State Subclasses had their personal and financial information stolen, causing direct and measurable monetary losses, threat of future losses, identity theft, and threat of identity theft.

83.     As a direct and proximate result of Defendants' negligence *per se*, Plaintiffs and members of the Nationwide Class and State Subclasses were injured in fact by: identity theft; the loss of the monetary value, including the market value, of their personal and financial information, or PII, due to the data breach, which has led to, or will lead to, its sale on the black market or its presence on dark web sites; damage to credit scores and credit reports; and time and expense related to: (a) finding fraudulent accounts; (b) monitoring their identity; (c) credit monitoring and identity theft prevention; (d) freezing access to their credit reports at major credit bureaus; (e) income tax refund fraud and the potential for income tax refund fraud; (f) the general nuisance and annoyance of dealing with all these issues resulting from the data breach; and (g) costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of the data breach, all of which have an ascertainable monetary value to be proven at trial.

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III

### WASHINGTON CONSUMER PROTECTION ACT
### WASH. REV. CODE § 19.86.020, *ET. SEQ.*
### (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES)

84.     Plaintiffs incorporate the above allegations by reference.

85.     Plaintiffs bring this count on their own behalf and on behalf of the Nationwide Class.

86.     Defendants engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code § 19.86.020, in at least the following ways:

a.     Defendants misrepresented and fraudulently advertised material facts to Plaintiffs and the Nationwide Class by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard Plaintiffs and Nationwide Class members' personal and financial information from unauthorized disclosure, release, data breaches, and theft;

b.     Defendants misrepresented material facts to Plaintiffs and the Nationwide Class by representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiffs and Nationwide Class members' personal and financial information;

c.     Defendants omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Plaintiffs and Nationwide Class members' personal and financial information;

d.     Defendants engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Plaintiffs and Nationwide Class members' personal and financial information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the data breach. These unfair acts and practices violated duties imposed by laws including the FTC Act

(15 U.S.C. § 45), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) and its Safeguards Rule, and the Washington regulations pertaining to Privacy of Consumer Financial and Health Information (Wash. Admin. Code § 284-04-300);

       e.     Defendants engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and Nationwide Class Subclass members in a timely and accurate manner, contrary to the duties imposed by Wash. Rev. Code § 19.255.010(1);

       f.     Defendants engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and Nationwide Class members' personal and financial information from further unauthorized disclosure, release, data breaches, and theft.

87.     As a direct and proximate result of Defendants' deceptive trade practices, Nationwide Class members suffered injury and/or damages.

88.     The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

89.     Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Plaintiffs and Nationwide Class members' personal and financial information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Nationwide Class.

90.     Plaintiffs and Nationwide Class members seek relief under Wash. Rev. Code § 19.86.090, including, but not limited to, actual damages, treble damages, injunctive relief, and attorneys' fees and costs.

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# COUNT IV

## WASHINGTON DATA BREACH DISCLOSURE LAW
### WASH. REV. CODE § 19.255.010, *ET. SEQ.*
### (BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES)

91.    Plaintiffs incorporate the above allegations by reference.

92.    Plaintiffs bring this count on their own behalf and on behalf of the Nationwide Class.

93.    Wash Rev. Code § 19.255.010(2) provides that "[a]ny person or business that maintains data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." *See* Wash. Rev. Code § 19.255.010(2).

94.    The Capital One Data Breach resulted in an "unauthorized acquisition of data that compromise[d] the security, confidentiality, [and] integrity of personal information maintained by" Defendants and, therefore, experienced a "breach of the security of [their] system[s]," as defined by Wash. Rev. Code § 19.255.010(4).

95.    Defendants failed to disclose the Capital One Data Breach immediately after discovering the Data Breach. Defendants unreasonably delayed informing Plaintiffs and other Class members about the Data Breach after they knew or should have known that the Data Breach had occurred.

96.    Defendants' failure to provide notice immediately after discovering the Data Breach is a violation of Wash. Rev. Code § 19.255.010.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT V

## UNJUST ENRICHMENT
**(BROUGHT BY ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE NATIONWIDE CLASS, OR, ALTERNATIVELY, ALL PLAINTIFFS ON THEIR OWN BEHALF AND ON BEHALF OF THE STATE SUBCLASSES)**

97.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

98.    Because no adequate legal remedy is available under any applicable contract, Plaintiffs bring this count in quasi contract on behalf of themselves and their fellow putative class members in order to pursue restitution based on Defendants' unjust enrichment including by way of their retention of profits that should have been expended to protect the data of the putative class, per its published privacy agreements and policies.  *See, e.g.*, Restatement (Third) of Restitution and Unjust Enrichment § 39(1) (2011) (supporting claims under the opportunistic breach theory of restitution, which provides a claim for relief when a deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, measured by the profit realized by the defaulting promisor).

99.    As alleged herein, Defendants have unjustly received and retained monetary benefits from Plaintiffs and the proposed Class, such that inequity has resulted.

100.    By engaging in the conduct described in this complaint, Defendants knowingly obtained benefits from Plaintiffs and the proposed class as alleged herein under circumstances such that it would be inequitable and unjust for Defendants to retain them.

101.    By engaging in the acts and failures to act described in this complaint, Defendants have been knowingly enriched by the savings in costs that should have been reasonably expended to protect the data of Plaintiffs and the proposed class.  Defendants were on notice that gathering and transmittal of their customers' data could happen yet they failed to take reasonable steps to pay for the level of security required to have prevented such unauthorized access, gathering, and transmittal to third parties.



102.    By engaging in the conduct described in this complaint, Defendants have knowingly obtained benefits from Plaintiffs and the proposed class under circumstances such that it would be inequitable and unjust for Defendants to retain them. It is believed and therefore alleged that Defendants have collected either goods or services and otherwise used the data belonging to Plaintiffs and the proposed class for its benefit and to the detriment of plaintiff and the proposed class.

103.    Thus, Defendants will be unjustly enriched if they are permitted to retain the benefits derived from the unauthorized and impermissible gathering and sharing of Plaintiffs and the proposed class's data.

104.    Plaintiffs and each member of the proposed class are therefore entitled to a restitutionary award in an amount to be determined at trial, or the imposition of a constructive trust upon the monies derived by the Defendants by means of the above-described actions, whether the sums of monies are those that it should have devoted to complying with its agreements and policies as they pertain to the customer data that is the subject of this lawsuit or other sums as it may be just and equitable to return to them.

## STATE CONSUMER PROTECTION LAWS
## (BROUGHT BY THE STATE-RESIDENT PLAINTIFFS
## AND THE STATE SUBCLASSES BELOW)

**A.    Common Allegations**

105.    Each of the following allegations in this subheading are alleged and incorporated into the allegations in each state subheading as to such state's consumer protection statutes.

106.    Defendants participated in misleading, false, or deceptive acts that violated state law.  By claiming to adequately secure consumers' personal and financial information, when in truth and fact its security practices were inadequate, Defendants engaged in deceptive business practices prohibited by the laws of the states set forth below.

107.    In the course of its business, Defendants stored and warehoused the personal and financial information of hundreds of thousands, if not millions, of consumers in the states listed below, yet it did not take adequate steps to protect such data from theft, and otherwise engaged

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  in activities with a tendency or capacity to deceive.  Defendants also engaged in unlawful trade

2  practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or

3  concealment, suppression, or omission of any material fact with intent that others rely upon such

4  concealment, suppression, or omission, in connection with its provision of credit services to

5  citizens and businesses in the following states.

6      108.    Defendants have known of its inadequate data security at least since the exploits

7  Thompson used were known to security specialists.

8      109.    Defendants were also aware that banks were high-value targets to hackers, yet it

9  valued profits over protecting consumers' personal and financial information, and concealed its

10  vulnerabilities, giving criminals ample time to steal 106 million accounts, which included highly

11  valuable data elements, such as Social Security numbers, dates of birth, and account information.

12      110.    By failing to disclose and by actively concealing its deficient data security and its

13  data breaches, by marketing its computer systems and data storage as safe, reliable, and of high

14  quality, and by presenting itself as a reputable credit card issuer and bank that valued data

15  protection and stood behind consumers, Defendants engaged in deceptive, unfair, and

16  unconscionable business practices in violation of the laws of the states set forth below.

17      111.    In the course of Defendants' business, it willfully failed to disclose and actively

18  concealed that it was not taking industry-standard and reasonable steps to protect the personal

19  and financial information of its consumers.

20      112.    Defendants' unfair or deceptive acts or practices were likely to and did in fact

21  deceive reasonable consumers, including Plaintiffs and members of each of the state Subclasses,

22  about the true security of its data systems, the ability of Defendants to provide data security and

23  identity-theft prevention services, and the integrity of the Defendants companies.

24      113.    Defendants intentionally and knowingly misrepresented material facts regarding

25  its services and its ability to protect consumers' personal and financial information with an intent

26  to mislead Plaintiffs and the state Subclasses.

27      114.    Additionally, by way of these unfair, unlawful, and deceptive acts and practices,

28  Defendants violated duties imposed by laws including the FTC Act (15 U.S.C. § 45), the

CLASS ACTION COMPLAINT - 23
Case No. 19-cv-01366
010841-11/1181064 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    Gramm-Leach-Bliley Act (15 U.S.C. § 6801) and its Safeguards Rule; and state data breach

2    laws, including but not limited to those enumerated in the State Subclass claims below.

3        115.    Defendants knew or should have known that their conduct violated the state

4    statutes set forth below.

5        116.    Defendants made material statements about the security and reliability of its

6    computer and data systems and Defendants services that were either false or misleading.

7        117.    Defendants owed Plaintiffs a duty to disclose the true nature and extent of its

8    computer and data system security and that it had suffered data breaches, because Defendants:

9            a.    Possessed exclusive knowledge that it valued profits over the bona fide

10   protection of consumers' personal and financial information;

11           b.    Intentionally concealed the foregoing from Plaintiffs; and/or

12           c.    Made incomplete representations about the security of its computer and

13   data systems, while purposefully withholding material facts from Plaintiffs that contradicted

14   these representations.

15       118.    Because Defendants fraudulently concealed their deficient computer and data

16   security and its data breaches, resulting in the theft of personal and financial information of 106

17   million consumers, Plaintiffs and the state Subclasses listed below have been harmed.

18       119.    Defendants' deficient computer and data security and its concealment of its data

19   breaches were material to Plaintiffs and the state Subclasses.  Plaintiffs and members of the state

20   Subclasses would have taken steps to protect their personal and financial information had they

21   known that it was at risk, and in fact had been stolen from Defendants' computer and data

22   systems.

23       120.    Plaintiffs and the state Subclasses suffered ascertainable loss caused by

24   Defendants' misrepresentations and its concealment of and failure to disclose material

25   information.  Class members have spent hours attempting to protect themselves from identity

26   theft and have spent money to initiate credit freezes and taken other reasonable steps to limit

27   their exposure to identity and credit theft.

28

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

121.    Defendants had an ongoing duty to all persons about whom it maintained credit applications to refrain from unfair and deceptive acts or practices under the state laws set forth below.  All persons whose data was stolen in the data breach suffered ascertainable loss in the form of their loss of time, out-of-pocket expenses for credit freezes and identity-theft protection, and/or continuing and heightened risk of identity theft.  Additionally, all Plaintiffs, Nationwide Class members, and State Subclass members have lost the monetary value, including the market value, of their personal and financial information, or PII, due to the data breach which has led to, or will lead to, its sale on the black market or its presence on dark web sites.

**B.    Arizona**

**COUNT VI**
**VIOLATION OF ARIZONA CONSUMER FRAUD ACT**
**ARIZ. REV. STAT. § 44-1521, *ET SEQ.***
**(BROUGHT BY THE ARIZONA-RESIDENT**
**PLAINTIFF AND THE ARIZONA SUBCLASS)**

122.    Plaintiffs incorporate the above allegations by reference.

123.    Plaintiff Howard Chen is a resident of Arizona and was also a resident of Arizona when the data breach occurred.  Plaintiff Chen brings this Count on his own behalf and on behalf of members of the Arizona Subclass.

124.    Defendants engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of "merchandise" in violation of Ariz. Rev. Stat. §44-1522(A), in at least the following ways:

a.    Defendants misrepresented material facts to creditors selling merchandise to the Arizona Subclass by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Arizona Subclass members' personal and financial information from unauthorized disclosure, release, data breaches, and theft, and that it would comply with relevant federal and state law pertaining to such information;

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

b.      Defendants omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Arizona Subclass members' personal and financial information, with the intent that others rely on the omission, suppression, and concealment;

c.      Defendants engaged in unfair acts and practices by failing to maintain the privacy and security of Arizona Subclass members' personal and financial information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the data breach. These unfair acts and practices violated duties imposed by laws including the FTC Act (15 U.S.C. § 45) and the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) and its Safeguards Rule.

125.    The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

126.    Defendants knew or should have known that its computer systems and data security practices were inadequate to safeguard the Arizona Subclass members' personal and financial information, and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Arizona Subclass.

127.    As a direct and proximate result of Defendants' unfair and deceptive practices and acts, Arizona Subclass members suffered injury and/or damages.

128.    Arizona Subclass members seek relief including, but not limited to, compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**C.      California**

## COUNT VII

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200, *ET SEQ.* (BROUGHT BY THE CALIFORNIA-RESIDENT PLAINTIFFS AND THE CALIFORNIA SUBCLASS)

129.     Plaintiff incorporates the above allegations by reference.

130.     Plaintiff Riley is a resident of California and was also a resident of California when the data breach occurred.  Plaintiff brings this Count on her own behalf and on behalf of members of the California Subclass.

131.     Plaintiff sent a demand for relief to Defendants, on behalf of the California Subclass, prior to the filing of this complaint.

132.     Defendants operate in California and have violated Cal. Bus. & Prof. Code §17200, *et seq.*, by engaging in unlawful, unfair, or fraudulent business acts and practices and unfair, deceptive, untrue, or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. & Prof. Code § 17200 with respect to its activities pertaining to the California Subclass, in at least the following ways:

a.       Defendants engaged in deceptive acts and practices by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard California Subclass members' personal and financial information from unauthorized disclosure, release, data breaches, and theft, and by representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of California Subclass members' personal and financial information.

b.       Defendants engaged in unfair acts and practices by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiffs' and California Subclass members' personal and financial information with knowledge that the information would not be adequately protected; and by storing California Subclass members' personal and financial information in an unsecure

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    electronic environment. These unfair acts and practices were immoral, unethical,

2    oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and

3    California Subclass members. Defendants' practice was also contrary to legislatively

4    declared and public policies that seek to protect consumer data and ensure that entities

5    who solicit or are entrusted with personal data utilize appropriate security measures, as

6    reflected by laws including the FTC Act (15 U.S.C. § 45), the Gramm-Leach-Bliley Act

7    (15 U.S.C. § 6801) and its Safeguards Rule, and California's data breach statute, Cal.

8    Civ. Code § 1798.81.5. The harm these practices caused to Plaintiffs and the California

9    Subclass members outweighed their utility, if any.

10          c.       Defendants engaged in unfair acts and practices by failing to disclose the

11    data breach to California Subclass members in a timely and accurate manner, contrary to

12    the duties imposed by Cal. Civ. Code § 1798.82.  These unfair acts and practices were

13    immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially

14    injurious to Plaintiffs and California Subclass members. The harm these practices caused

15    to Plaintiffs and the California Subclass members outweighed their utility, if any.

16          d.       Defendants engaged in unfair acts and practices by failing to take proper

17    action following the data breach to enact adequate privacy and security measures and

18    protect California Subclass members' personal and financial information from further

19    unauthorized disclosure, release, data breaches, and theft. These unfair acts and practices

20    were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially

21    injurious to Plaintiffs and California Subclass members. The harm these practices caused

22    to Plaintiffs and the California Subclass members outweighed their utility, if any.

23          133.    As a direct and proximate result of Defendants' acts of unfair and unlawful

24    practices, the Plaintiffs were injured and lost money or property.  Plaintiffs also lost their legally

25    protected interest in the confidentiality and privacy of their personal and financial information,

26    and additional losses described above.

27          134.    Defendants knew or should have known that its computer systems and data

28    security practices were inadequate to safeguard California Subclass members' personal and

HAGENS BERMAN

financial data, and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the California Subclass.

135.    California Subclass members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiffs and California Subclass members of money or property that the Defendants may have acquired by means of Defendant's deceptive, unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Defendants because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Civ. Proc. Code § 1021.5), and injunctive or other equitable relief.

**D.    Washington**

## COUNT VIII

**WASHINGTON CONSUMER PROTECTION ACT**
**WASH. REV. CODE § 19.86.020, *ET. SEQ.***
**(BROUGHT BY WASHINGTON PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THE WASHINGTON SUBCLASS)**

136.    Plaintiffs incorporate the above allegations by reference.

137.    Plaintiff Dustin Curtis is a resident of Washington, and was a resident of Washington when the data breach occurred. Plaintiff Curtis brings this count on his own behalf and on behalf of the Washington Subclass.

138.    Defendants engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code § 19.86.020, in at least the following ways:

a.    Defendants misrepresented and fraudulently advertised material facts to Plaintiff Curtis and the Washington Subclass by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard Plaintiff Curtis and the Washington Subclass members' personal and financial information from unauthorized disclosure, release, data breaches, and theft;

CLASS ACTION COMPLAINT - 29
Case No. 19-cv-01366
010841-11/1181064 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

b.      Defendants misrepresented material facts to Plaintiff Curtis and the Washington Subclass by representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiff Curtis and the Washington Subclass members' personal and financial information;

c.      Defendants omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Plaintiff Curtis and the Washington Subclass members' personal and financial information;

d.      Defendants engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Plaintiff Curtis and the Washington Subclass members' personal and financial information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the data breach. These unfair acts and practices violated duties imposed by laws including the FTC Act (15 U.S.C. § 45), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) and its Safeguards Rule, and the Washington regulations pertaining to Privacy of Consumer Financial and Health Information (Wash. Admin. Code § 284-04-300);

e.      Defendants engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiff Curtis and the Washington Subclass members in a timely and accurate manner, contrary to the duties imposed by Wash. Rev. Code § 19.255.010(1);

f.      Defendants engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiff Curtis and the Washington Subclass members' personal and financial information from further unauthorized disclosure, release, data breaches, and theft.

139.    As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff Curtis and the Washington Subclass members suffered injury and/or damages.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

140.    The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

141.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Plaintiff Curtis and the Washington Subclass members' personal and financial information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Nationwide Class.

142.    Plaintiff Curtis and the Washington Subclass members seek relief under Wash. Rev. Code § 19.86.090, including, but not limited to, actual damages, treble damages, injunctive relief, and attorneys' fees and costs.

**E.    Ohio**

**COUNT IX**
**VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT**
**OHIO REV. CODE ANN. § 1345,** *ET SEQ.*
**(BROUGHT BY THE OHIO-RESIDENT PLAINTIFF AND THE OHIO SUBCLASS)**

143.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

144.    Plaintiff Jarod Thrush is a resident of Ohio and was also a resident of Ohio when the data breach occurred.  Plaintiff brings this Count on Plaintiff's own behalf and on behalf of members of the Ohio Subclass.

145.    Defendants' conduct constitutes unfair or deceptive acts or practices in connection with a consumer transaction with the meaning of the Ohio Consumers Sales Practices Act, Ohio Rev. Code Ann. § 1345, *et. seq.*

146.    As a result of Defendants' unfair or deceptive acts or practices in connection with a consumer transaction, Plaintiff Thrush and Ohio Subclass members suffered injury in fact and lost property and money.

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

147.    Defendants' misrepresentations and omissions were material to Plaintiff and Ohio Subclass members' transactions with Defendants and were made knowingly and with reason to know that Plaintiff and Ohio Subclass members would rely on the misrepresentations and omissions.

148.    Plaintiff and Ohio Subclass members reasonably relied on Defendants' misrepresentations and omissions and suffered harm as a result. Plaintiff and Ohio Subclass members were injured in fact by damage to credit scores and credit reports, and time and expense related to: (a) finding fraudulent charges; (b) cancelling and reissuing cards; (c) credit monitoring and identity theft prevention; (d) the general nuisance and annoyance of dealing with all these issues resulting from the Capital One data breach; and (e) costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of the data breach, all of which have an ascertainable monetary value to be proven at trial.

149.    Plaintiff and Ohio Subclass members seek restitution, injunctive relief and statutory damages, to the extent permitted by applicable law, on behalf of the Class.

150.    Defendants conducted the practices alleged herein in the course of their business, pursuant to standardized practices that it engaged in both before and after the Plaintiff and Ohio Subclass members in this case were harmed, these acts have been repeated millions of times, and many consumers were affected.

### DATA BREACH STATUTES
### (BROUGHT BY THE STATE-RESIDENT
### PLAINTIFFS AND THE STATE SUBCLASSES BELOW)

**F.    California**

### COUNT X

### VIOLATION OF CALIFORNIA DATA BREACH ACT
### CAL. CIV. CODE § 1798.80, *ET SEQ.*
### (BROUGHT BY THE CALIFORNIA-RESIDENT
### PLAINTIFF AND THE CALIFORNIA SUBCLASS)

151.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

152.   Plaintiff Riley is a resident of California and was also a resident of California when the data breach occurred.  Plaintiff brings this Count on her own behalf and on behalf of members of the California Subclass.

153.   Section 1798.82 of the California Civil Code provides, in pertinent part, as follows:

> (a)   Any person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person. The disclosure shall be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subdivision (c), or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system.

> (b)   Any person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

> (c)   The notification required by this section may be delayed if a law enforcement agency determines that the notification will impede a criminal investigation. The notification required by this section shall be made after the law enforcement agency determines that it will not compromise the investigation.

> (d)   Any person or business that is required to issue a security breach notification pursuant to this section shall meet all of the following requirements:

>> (1)   The security breach notification shall be written in plain language.

>> (2)   The security breach notification shall include, at a minimum, the following information:

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

(A) The name and contact information of the reporting person or business subject to this section.

(B) A list of the types of personal information that were or are reasonably believed to have been the subject of a breach.

(C) If the information is possible to determine at the time the notice is provided, then any of the following:  (i) the date of the breach, (ii) the estimated date of the breach, or (iii) the date range within which the breach occurred. The notification shall also include the date of the notice.

(D) Whether notification was delayed as a result of a law enforcement investigation, if that information is possible to determine at the time the notice is provided.

(E) A general description of the breach incident, if that information is possible to determine at the time the notice is provided.

(F) The toll-free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a social security number or a driver's license or California identification card number.

\*        \*        \*

(f) Any person or business that is required to issue a security breach notification pursuant to this section to more than 500 California residents as a result of a single breach of the security system shall electronically submit a single sample copy of that security breach notification, excluding any personally identifiable information, to the Attorney General. A single sample copy of a security breach notification shall not be deemed to be within subdivision (f) of Section 6254 of the Government Code.

(g) For purposes of this section, "breach of the security of the system" means unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by the person or business. Good faith acquisition of personal information

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

by an employee or agent of the person or business for the purposes of the person or business is not a breach of the security of the system, provided that the personal information is not used or subject to further unauthorized disclosure.

154. The data breach constituted a "breach of the security system" of Defendants.

155. Plaintiff and California Subclass members' names, dates of birth, email addresses, telephone numbers, credit card numbers, and Social Security numbers constitute "personal information."

156. Defendants unreasonably delayed in informing anyone about the breach of security of Plaintiff and California Subclass members' confidential and non-public information after Defendants knew the data breach had occurred.

157. Defendants failed to disclose to Plaintiff and California Subclass members without unreasonable delay and in the most expedient time possible, the breach of security of consumers' personal and financial information when they knew or reasonably believed such information had been compromised.

158. Upon information and belief, no law enforcement agency instructed Defendants that notification to Plaintiff and California Subclass members would impede investigation.

159. Pursuant to Section 1798.84 of the California Civil Code:

(a) Any waiver of a provision of this title is contrary to public policy and is void and unenforceable.

(b) Any customer injured by a violation of this title may institute a civil action to recover damages.

(c) In addition, for a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83.

*      *      *

(e) Any business that violates, proposes to violate, or has violated this title may be enjoined.



160.     Plaintiff, individually and on behalf of the California Subclass, seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) damages suffered by Plaintiffs and California Subclass members as alleged above; (b) statutory damages for Defendants' willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; and (c) equitable relief.

161.     Plaintiff, on behalf of herself and the California Subclass, also seek reasonable attorneys' fees and costs under Cal. Civ. Code § 1798.84(g).

**G.     Washington**

**COUNT XI**

**WASHINGTON DATA BREACH DISCLOSURE LAW
WASH. REV. CODE § 19.255.010, *ET. SEQ.*
(BROUGHT BY PLAINTIFF CURTIS ON HIS OWN BEHALF AND ON BEHALF OF
THE WASHINGTON SUBCLASSE)**

162.     Plaintiffs incorporate the above allegations by reference.

163.     Plaintiff Curtis brings this count on his own behalf and on behalf of the Washington Sublcass.

164.     Wash Rev. Code § 19.255.010(2) provides that "[a]ny person or business that maintains data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." *See* Wash. Rev. Code § 19.255.010(2).

165.     The Capital One Data Breach resulted in an "unauthorized acquisition of data that compromise[d] the security, confidentiality, [and] integrity of personal information maintained by" Defendants and, therefore, experienced a "breach of the security of [their] system[s]," as defined by Wash. Rev. Code § 19.255.010(4).

166.     Defendants failed to disclose the Capital One Data Breach immediately after discovering the Data Breach. Defendants unreasonably delayed informing Plaintiff Curtis and other Washington Subclass members about the Data Breach after they knew or should have known that the Data Breach had occurred.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

167.    Defendants' failure to provide notice immediately after discovering the Data Breach is a violation of Wash. Rev. Code § 19.255.010.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    That the Court certify this case as a class action and appoint the named Plaintiffs to be Nationwide Class and/or State Subclass representative and their counsel to be Class Counsel;

B.    That the Court award Plaintiffs and the Nationwide Class and/or State Subclasses appropriate relief, to include actual and statutory damages, disgorgement, and restitution, and punitive, exemplary, or multiple damages where available;

C.    That the Court award Plaintiffs and the Nationwide Class and/or State Subclasses preliminary or other equitable or declaratory relief as may be appropriate by way of applicable state or federal law;

D.    Such additional orders or judgments as may be necessary to prevent these practices and to restore to any person in interest any money or property which may have been acquired by means of the violations; and

E.    That the Court award Plaintiffs and the Nationwide Class and/or State Subclass such other, favorable relief as may be available and appropriate under law or at equity.

### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    DATED:  August __, 2019          Respectfully submitted,

2                                     **HAGENS BERMAN SOBOL SHAPIRO LLP**

3
                                      By:  s/ Thomas E. Loeser
4                                          Thomas E. Loeser (WSBA No. 38701)

5                                     By:  s/ Shelby R. Smith
                                          Shelby R. Smith (WSBA No. 31377)
6                                     1301 Second Avenue, Suite 2000
                                      Seattle, WA  98101
7                                     Telephone:  (206) 623-7292
                                      Facsimile:   (206) 623-0594
8                                     toml@hbsslaw.com
                                      shelby@hbsslaw.com
9

10

11                                    **KOZYAK TROPIN & THROCKMORTON LLP**

12                                    By: *s/ Detra Shaw-Wilder*
                                          Detra Shaw-Wilder (*pro hac vice* to be filed)
13                                    2525 Ponce de Leon Boulevard, 9th Floor
                                      Miami, Florida  33134
14                                    Telephone: (305) 372-1800
                                      Facsimile: (305) 372-3508
15                                    dps@kttlaw.com

16                                    *Attorneys for Plaintiffs and the Proposed Classes*

17

18

19

20

21

22

23

24

25

26

27

28



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594